OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated June 20, 2012. Following a hearing held on January 24, 2013, the Special Referee sustained all of the charges set forth in the petition. The Grievance Committee now moves to confirm the report of the Special Referee and for imposition of such discipline as the Court deems just and appropriate. Although served with a copy of the motion, the respondent has not submitted any papers in response or requested additional time in which to do so.
Charge one alleges that the respondent engaged in a pattern and practice of failing to safeguard, and converting, funds entrusted to her as a fiduciary, incident to her practice of law, in violation of rules 1.15 (a) and (b) and 8.4 (c) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent maintained an attorney escrow account at Capitol One Bank, entitled “Ingrid Barclay, Escrow Management Account.”
On or about August 18, 2006, the respondent represented Martin John at a real estate closing regarding premises in Brooklyn (hereinafter the subject premises). The respondent also represented Martin John in an action entitled Martin John v Geraldine John in the Supreme Court, Kings County (hereinafter the John action). At the closing, the attorney for Geraldine John served the respondent with an order to show cause signed by Justice Eric Prus dated August 17, 2006, in the John action, in which Justice Prus ordered that any and all monies received on behalf of Martin John relative to the closing of the sale of the subject premises be immediately placed in an escrow account of the counsel of either Geraldine John or Martin John, *130 and further restrained Martin John and any persons acting under his direction from transferring these monies, pending further order of the court.
At the closing, the respondent received a check in the sum of $41,903.40 on behalf of Martin John that was payable to her, as attorney. On or about September 5, 2006, the respondent deposited that check into her escrow account. The respondent knew that she was required to maintain those funds in escrow until further order of the court. Between September 2007 and September 2009, the respondent depleted the funds by distributing $11,000 to Martin John, and by taking or using the balance for herself.
The respondent received a second court order, dated August 18, 2011, in which Justice Prus ordered the respondent to release $24,000 to Cheryl S. Solomon, the attorney for Geraldine John. The respondent no longer had in her possession the funds she was required to maintain. On or about September 1, 2011, to September 9, 2011, the respondent deposited into her escrow account the sum of $25,000 that she borrowed from a friend. On or about September 9, 2011, the respondent tendered the sum of $24,000 from her escrow account by check payable to Cheryl Solomon, as attorney. On December 1, 2011, Justice Prus issued an order authorizing the respondent to “release the escrowed funds held by her to Martin John.” To date, the respondent has not given any additional funds to Martin John.
In relation to a matter involving a different client, on or about July 27, 2010, the respondent deposited a check in the sum of $36,000 from Zengsong Lin into her escrow account, representing the down payment on a contract for the sale of real property owned by her client, Delroy Williamson. The respondent was required to maintain those funds in escrow until at least March 8, 2011. Between July 27, 2010 and March 8, 2011, the respondent withdrew $8,500 of those funds for herself or issued checks against those funds to pay her personal bills. By January 31, 2011, the balance in the respondent’s escrow account had been depleted to $27,411.76.
Charge two alleges that the respondent knowingly and intentionally violated a court order based on the aforementioned allegations, in violation of rule 8.4 (c), (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Charge three alleges that the respondent improperly deposited personal funds in her escrow account, and improperly commingled personal and/or business funds with funds entrusted to *131 her as a fiduciary, incident to her practice of law, in violation of rules 1.15 (a) and (b) and 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). Between in or about June 2006 through in or about September 2011, the respondent deposited personal funds into her attorney escrow account, wherein she maintained funds entrusted to her as a fiduciary, and failed to withdraw her legal fees from her attorney escrow account when earned.
Charge four alleges that the respondent failed to maintain a ledger book or similar record of deposits into and withdrawals from her IOLA account, in violation of rules 1.15 (d) and 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent failed to maintain a ledger book or similar record of her attorney escrow account showing: the source of all funds deposited therein; the names of all persons for whom funds were held; the amount of such funds; the charges or withdrawals from the account; and the names of all persons to whom such funds were disbursed.
Charge five alleges that the respondent improperly drew checks payable to “cash” from her attorney escrow account, in violation of rules 1.15 (e) and 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). From in or about June 2006 through in or about September 2011, the respondent issued approximately 80 checks payable to “cash,” totaling $26,120.
Charge six alleges that the respondent improperly designated her attorney escrow account, in violation of rule 1.15 (b) (2) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent maintained an attorney escrow account at Capitol One Bank, entitled “Ingrid Barclay, Escrow Management Account.”
Charge seven alleges that the respondent failed to cooperate with the Grievance Committee’s investigation of complaints of professional misconduct filed against her, in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). By letter dated April 17, 2012, the Grievance Committee requested that the respondent submit an answer to the complaint of Zengsong Lin within 10 days after her receipt of the letter. The respondent failed to submit an answer, or request additional time in which to do so. By letter dated May 2, 2012, the Grievance Committee made a second request. The respondent failed to submit an answer or request additional time in which to do so.
*132 Based on the evidence adduced, and the respondent’s admissions, the Special Referee properly sustained all the charges. Accordingly, the Grievance Committee’s motion to confirm the report of the Special Referee is granted.
In mitigation, the respondent, a solo practitioner, acknowledged through her testimony at the hearing that she made serious errors in judgment; however, she did not intend to embezzle or steal from her clients. Her actions arose from her personal financial difficulties. She indicated that she is willing to make restitution when she is able to do so. In addition, she asked the Court to consider the fact that during the time of her misconduct, her son was going through a difficult time, which, in turn, caused her stress and caused her to become depressed. The respondent expressed remorse and vowed not to make the same mistakes again.
The respondent has a prior disciplinary history consisting of a letter of caution issued in 1994 for failing to adequately supervise a nonattorney working in her office.
Notwithstanding the mitigating factors present in this case, the Court cannot overlook the fact that the respondent knowingly converted client funds for personal use. Faced with financial difficulties, the respondent invaded her escrow account. Moreover, in the case of one client matter, she did so in contravention of a court order expressly directing her to preserve those funds.
Under the totality of the circumstances, we find that a suspension from the practice of law for three years is warranted.
Eng, P.J., Mastro, Rivera, Skelos and Angiolillo, JJ., concur.
Ordered that the petitioner’s motion to confirm the Special Referee’s report is granted; and it is further,
Ordered that the respondent, Ingrid Barclay, is suspended from the practice of law for a period of three years, effective immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than June 27, 2016. In such application, the respondent shall furnish satisfactory proof (1) that during that period she refrained from practicing or attempting to practice law, (2) that she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) that she has complied with the applicable continuing legal education require *133 ments of 22 NYCRR 691.11 (c), and (4) that she has otherwise properly conducted herself; and it is further,
Ordered that the respondent, Ingrid Barclay, shall continue to comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Ingrid Barclay, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Ingrid Barclay, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).